morning your honors may please the court I appreciate being here this morning my name is Michael Donahoe I'm from the Federal Defender's Office in Helena this is kind of a complicated case sometimes I think it's just a really simple case but sometimes when I I get the papers out and start looking at it it seems kind of complicated as the court is aware contextually here we have two cases brought seriatim by the government dealing in each instance with child pornography charges the first case was inspired by some state allegations that this individual Mr. Carpegna had touched a child he was arrested his house was searched in connection with that offense that state court offense that computer was seized pursuant to that that search that HP pavilion computer it is analyzed to contain child pornography and through several months the government investigated that finally did bring an indictment to which Mr. Carpegna pled guilty reserving a suppression claim in the context of that case after he was sentenced Mr. Carpegna in October of 08 I'm sorry seven in the year 08 another case was brought involving a different computer that computer had been taken from Mr. Carpegna when he was arrested on the first indictment and I'm sure that the panel is aware of these facts they're well set forth I think both in our brief in the government's brief we bring three claims today one involving the suppression paper one involving the I don't intend to address the Davenport issue it's conceded so I'll just leave it to the paper on that I'd like to begin with the suppression claim you know this kind of centers on warden versus Hayden and I know that this decision is an old Supreme Court case but there does your honors have to be some connection between the individual the crime in the place to be searched and what's important to our purposes here today it appears to me is that in the context of the state case Mr. Carpegna his arrest warrant and his apprehension had been worked up separately and apart from the search of his home and the taking of the first computer the HP pavilion computer if we could even in the context of this record think about the second indictment or I'm sorry the arrest on the first indictment and I know this might be a little fuzzy but I think it'll come clear the government waits through the spring and arrests mr. Carpegna on the first federal indictment when that happens there's a search warrant in hand for the second computer because the government knows that mr. Carpegna is back out on the internet with a now contrast that to the working up of the state case the state case he has an arrest warrant sworn out separate and apart based on the touching of the child and the search warrant process is separate from that process from that arrest process so we know and this is a component of warden versus Hayden that there is nothing that this search aids in terms of mr. Carpegna's apprehension the child pornography going into look in his house for child pornography does not aid in the app his apprehension on the child sexual assault offense which is being investigated at the time so that's one prong we have down so the next question is does it aid in his conviction on the sexual assault and the answer to that is no it doesn't there's nothing in the search warrant affidavit that makes a connection or a nexus between the sexual assault offense and the child pornography offenses it seems like it's kind of a throwaway the affidavit says well I know that these individuals that are involved in sexual offenses may have this material on their computers and we want to search for it up held warrants based on affidavits that made similar law enforcement professional opinion judgments if you will haven't we well you have maybe the answer is yes warrants have been upheld I'll concede the point but the context here is just a little bit different first is to the qualitative nature of the assertions in the affidavit what is the nexus between the two there's no expertise set forth other than some classes or some training that has been taken apparently it's really a pretty concise and spare affidavit and having said that there there doesn't seem to be any real connection between the child pornography offense or the child pornography evidence I'll call it that and the child sex offense and that seems to be a freestanding go back to the qualifications I guess the question is how much is enough the affidavit basically says that not only does he take the basic training but he's taken specific training related to child he's been involved in a number of investigations so that seems to be fairly standard in the kind of things we've upheld I mean but you need to list the date and time or this or the substance of the course what's missing but that doesn't alter the fact I think there's a difference between your honor an expert or if we take that's what the affidavit is trying to to accomplish here and the requirement under Warden versus Hayden that there be a connection between the offense being investigated and the evidence being sought you you seem to be challenging on both grounds I am so the first ground is he doesn't have he's not qualified you said and I'm asking you what more would he need before he then goes on and we that's the second point as to whether he's linked it up sufficiently so are you challenging or not challenging his qualifications I am challenging the qualifications the nature of the assertion is boilerplate language it doesn't say what it's based on in actuality there's no data there's no number of investigations that the individual has been involved in there's nothing to deal detail what the nexus is between the two things and why the experience why we should trust this particular experience to marry the two things together the difficulty I'm having is that this reads to me like most affidavits that get approved I mean they tell you what their experience is and then they tell you through experience training investigations in cases I've been involved in X and in this case the X is that there's a connection between people amassing child pornography and interest in pedophilia and crimes against children so what I'm trying to understand from you in light of our prior cases that uphold precisely this kind of affidavit is what's missing here beyond telling your honor those other cases beyond telling your honor that there's insufficient detail in the affidavit I don't have anything to offer you have any case that you think would be the most supportive of the position you're taking your honor I believe there is a case cited in the blue brief that talks about a decision of this court that talks about boilerplate language of an expert in an affidavit and I would rely on that okay what if what if what if the officer had said in my experience in these cases sometimes there is there is child pornography and it may involve pictures of the victim that have been sufficient I think so what if he had said instead of that if he had said and it may involve pornography in my experience these are often connected pornography and it may involve children of a similar age they may have been acting out here as a result of having seen pornography of children of the same age well that seems a little more distant but I might get there if there was more information set forth in the affidavit on the on the first point your honor made there was some specific questioning of the affidavit writer here asking him did you suspect that pictures have been taken of this individual child that had been involved in the sexual assault and he said no to that and I asked him well had you had that information would it have been material to you and would you have put that in the in the warrant application he said yes so I think that changes the outcome here if we have those kind of facts but we don't have those kind of facts here your honor what we have is a guy getting arrested in state court for a touching offense and then working up a search warrant application for a premises some substantial distance away where the parties the individuals didn't live together for several months and saying well I'm going to go up there and search for evidence of the sexual assault and there's the affidavit said that it was looking for evidence of motive or intent and if you'd if you'd if you'd been looking for pornographic images of similarly aged children would that have been evidence of motive or intent no no not I mean we could keep pulling in I guess what if your honor I believe I can make the representation that the sexual assault statute that we're dealing with here would have a knowing state of mind attached to it I can't see really on any basis what the relevance of the child pornographic evidence would be in the context of the sexual assault case we and the investigation was in into massage parlors as a front for prostitution and the affidavit sought a warrant to search the owner of the massage parlors home and the agent said it's my experience based on X number of years of investigating these cases that operators of these kind of fronts often stash money at home and I think we upheld the affidavit in the warrant in that case assume that that's the case how's that different from what we have here well I think there's a natural flow or natural nexus between the illicit proceeds their collection and their storage I think it's within the realm of possibility that an individual that's running one of those businesses and hiding the money so he doesn't have to pay taxes or whatever that it will be found in that location a case can be made for that the celebrated case of the congressman with the money in the refrigerator I think you can make a case for that I think these facts are different and I just ask the court to please consider that I as I close up here I want to address this double jeopardy claim I did not find a decision of this court that addressed these kind of facts we did see the Omilda case from the Second Circuit I did cite that case to Judge Malloy he did take a look at it Judge Malloy is terrific I just love him as a judge he's just a wonderful guy and I understand that your honor but what we're trying to do here is draft in the second indictment and I think that that's a seductive thing to do is just to lay the two papers next to each other and say well any fool could see but your honors that's not the test in Omelda Omelda says what was known at the time that the individual pled to the first indictment and we tried to emphasize that in our briefing and I'm here to emphasize it in my last minute the second indictment really has little to do with that analysis it's what was known at the time and if your honors could take a look at volume two of the ER at page 297 there's a nice chart set out there of what was known when and your honors can see that the government knew about all of the images and the place that I'll leave it maybe reserve 15 seconds for rebuttal would be that there doesn't have to be a comparative assessment of the two indictments okay thank you thank you for your argument first it pleases the court I'm Bill Mercer I'm the United States Attorney in Montana and I appear on behalf of my colleague Marsha Hurd I want to turn to the probable cause determination that was made by the State District Judge that's been the scope of most the questioning and to argue that the case law in this circuit sets forth that there is deference owed to that probable cause determination by the judge and that in reviewing that it's in it's really essential to look at whether the district judge had a fair probability not certainty about the facts in this case and whether they established probable cause and that in doing so the State District Judge should have looked at the totality of the circumstances and as set forth in volume three of the application made by the police officer in Dillon Montana and then the affidavit in support of that it is the government's position that this court should affirm based upon the authority and the in-bank authority in Gord and then the subsequent case of Hill here the facts as counsel and could the images of child pornography that were found on the computer have been introduced in a criminal prosecution for the offense of touching I don't believe so because those images that were eventually found based on the search warrant did not include images of the child who had been who is the daughter of the complainant clearly if we found pictures of a little girl that would have been that would have been relevant now the affidavit didn't say we're looking for pictures of a little girl because in my experience as an officer people who engage in these kinds of offensive touchings frequently have pornography on their home and have pictures of the kids they're touching true but as you noted Judge Bybee that in the application which is set forth in 584 of the excerpts of record he specifically officer specifically noted that he was looking for items of evidence to corroborate the commission in defense of sexual assault on a minor and evidence to establish means motive and intent to commit said crime means motive and intent are things that might have been introduced in a criminal trial right ok now back to my original question were the images that they discovered on the these were these were kiddie porn it was kiddie porn stuff that they found on his right because we do based upon the complainants testimony that she had on two occasions seen this defendant viewing child pornography on his computer now we actually and we and it turns out he actually did have that stuff on his computer no no no surprise uh... could that evidence have been introduced in his trial for touching this child well i you told me no but uh... but that but i think that you found exactly what you were looking for and the officer said we went to intent and motive and so forth well this officer also said uh... you know with the suppression hearing this officer also indicated on page five thirty four he was looking for images of the victim engaged in sexual contact with this defendant so you know it's it's based on his testimony and and i think i guess to answer your question could a prosecutor say uh... we want to get this under four oh four b i think that we would not seek to do that because i think it's too attenuated but the question of whether there was probable cause based on the affidavit and inferences that the judge could draw uh... not only do we look to the observations the complainant made of child pornography the allegations made by the child of the touching the observation made by the woman the mother and then you know certainly the district court judge was entitled to draw inferences from the law and i i point to judge mckeown's opinion for the enbank court in gourd where she notes most collectors are persons who have a sexual attraction of children collectors act like pack rats because they have difficulty obtaining images of child pornography and so on there's more there that i won't read into the record but i think the district judge had the ability to not only look to the law look to the affidavit and draw inferences to say we've got child pornography being observed this person observing child pornography on two occasions we have touchings on two occasions and it is certainly possible based upon those observations and what we know from the law about pedophiles that there will be images of that hands-on offense taking place that depicts this child it was in the government's position taking all of those things together there was certainly a reasonable probability based upon this circuit's case law that that would be found on that computer uh... i want to turn to the double jeopardy argument very quickly because uh... we do want to talk about those dates that uh... first of all in a pure double jeopardy analysis do we have a successive prosecution taken by one sovereign for the same facts against the same defendant on two occasions and the argument there is certainly not uh... the dates in question as set forth in the initial indictment show that that conduct ends on the sixth of march uh... of two thousand six the period of time in the second indictment is very different and under a pure double jeopardy analysis uh... we should not have we should not be reversed on on those grounds for the second indictment and even if you look to this almeda test from the second circuit uh... what did a reasonable person know well clearly mr carpenian knew from the plain language of that first indictment that the grand jury had charged conduct only continuing through march sixth he also knew what forfeiture charge had been brought by the government he knew uh... it's certainly possible his counsel didn't know but he knew uh... that he had engaged in conduct in missoula uh... beyond the date set forth in the initial indictment and he had procured a different computer that was set forth as part of the forfeiture claim in uh... the first indictment so uh... government doesn't believe that there is any issue that is uh... something that should be subject to a reversal with respect to the double jeopardy claim and unless uh... we concede the davenport issue we concede the davenport issue with respect to the first indictment but i should note there isn't a davenport issue with the second indictment because it was the conviction only pertains to the second count possession and as you know uh... the judge ran some of that time concurrent and some of it consecutive okay thank you for your argument thank you very much we have a few seconds as you noted for rebuttal counsel i appreciate it uh... your honors i just wanted to mention here on page five of the reply brief i do set out the testimony of the warren applicant who expressly disavows that there was any connection between the victim in the child sexual offense and picture-taking and so on and i set out that testimony thank you both for your arguments the case just argued will be submitted for the day
judges: Hawkins, McKeown, Bybee